IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| VALENCIA COLON,<br><br>  Plaintiff,<br><br>v.<br><br>RICHARD ROUNDTREE, HARDIE DAVIS, WILLIAM FENNOY, DENNIS WILLIAMS, MARY DAVIS, SAMMIE SIAS, BOBBY WILLIAMS, BEN HASSAN, SEAN FRANTOM, BRANDON GARRETT, MARION WILLIAMS, JOHN CLARKE, ODIE DONALD II, MAURICE MCDOWELL, CHARLIE T. WALKER, JOHN DOES 1-5 AND ABC CORP 1-5,<br><br>  Defendants. | CIVIL ACTION NO.: CV 121-149 |

## ANSWER

COME NOW Defendants Richard Roundtree, Hardie Davis, William Fennoy, Dennis Williams, Mary Davis, Sammie Sias, Bobby Williams, Ben Hassan, Sean Frantom, Brandon Garrett, Marion Williams, John Clarke, Odie Donald II, Maurice McDowell, and Charlie T. Walker, and file this Answer to Plaintiffs' Complaint, showing the Court the following:

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims fail due to lack of subject matter jurisdiction.

### Third Defense

To the extent that they are being sued in an official capacity, Defendants are entitled to sovereign immunity.

### Fourth Defense

To the extent they are being sued in an individual capacity, Defendants are entitled to qualified and official immunity.

### Fifth Defense

To the extent Defendants are being sued in an official capacity, Plaintiff's § 1983 claims are not cognizable.

### Sixth Defense

To the extent that Defendants are being sued in an individual and official capacity, Plaintiff's claims are duplicative.

### Seventh Defense

Defendants deny that they were negligent or breached any ministerial duty.

### Eighth Defense

Some or all of Plaintiff's claims are barred by the applicable statutes of limitation, and the equitable doctrines of laches, waiver, and estoppel.

### Ninth Defense

Plaintiff's claims against John Does 1-5 and ABC Corp. 1-5 constitute improper fictitious party pleading.

### Tenth Defense

Defendants deny that they have acted in bad faith or been stubbornly litigious.

### Eleventh Defense

Defendants deny that Plaintiff is entitled to any punitive damages.

## Twelfth Defense

Defendants hereby reserve the right to assert additional defenses which may become available.

## Thirteenth Defense

Defendants hereby respond to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit only that Richard Roundtree is the elected Sheriff of Richmond County, Georgia and can be served in accordance with the Civil Practice Act.

3. Defendants admit only that Hardie Davis Jr. is the elected Mayor of Augusta, Georgia and can be served in accordance with the Civil Practice Act.

4. Defendants admit only that William Fennoy, Dennis Williams, Mary Davis, Sammie Sias, Bobby Williams, Ben Hassan, Sean Frantom, Brandon Garrett, Marion Williams and John Clarke are past or present Commissioners for Augusta, Georgia and can be served in accordance with the Civil Practice Act.

5. Defendants admit only that Odie Donald II is the Administrator for Augusta, Georgia and can be served in accordance with the Civil Practice Act.

6. Defendants admit only that Charlie T. Walker may be served in accordance with the Civil Practice Act.

7. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 8 of Plaintiff's Complaint. For further answer, John Doe 1-5 are improper fictitious parities.

8. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 9 of Plaintiff's Complaint. For further answer, ABC Corp 1-5 are improper fictitious parities.

9. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. As paragraph 30 was omitted from Plaintiff's Complaint, a response is not required. To the extent that a response is required, Defendants are without

sufficient information to admit or deny the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 35 of Plaintiff's Complaint.

36. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 36 of Plaintiff's Complaint.

37. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 37 of Plaintiff's Complaint.

38. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 43 of Plaintiff's Complaint.

44. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 45 of Plaintiff's Complaint.

46. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 46 of Plaintiff's Complaint.

47. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 47 of Plaintiff's Complaint.

48. The substance of this paragraph is prefatory such that a response is not required. To the extent that a response is required, Defendants admit only that Section 6-2-5 of the Augusta, Georgia Code speaks for itself.

49. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations set forth in paragraph 53 of Plaintiff's Complaint.

54. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 54 of Plaintiff's Complaint.

55. The substance of this paragraph is prefatory such that a response is not required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 55 of Plaintiff's Complaint.

56. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 56 of Plaintiff's Complaint.

57. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 57 of Plaintiff's Complaint.

58. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 58 of Plaintiff's Complaint.

59. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 59 of Plaintiff's Complaint.

60. Defendants admit only that the Mayor and Commission are the governing authority of Augusta, Georgia; otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 60 of Plaintiff's Complaint.

61. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 61 of Plaintiff's Complaint.

62. The substance of this paragraph is prefatory such that a response is not required. To the extent that a response is required, Defendants admit only that any text on Augusta, Georgia's website speaks for itself.

63. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 62 above.

64. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 64 of Plaintiff's Complaint.

65. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 65 of Plaintiff's Complaint.

66. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegations set forth in paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegations set forth in paragraph 68 of Plaintiff's Complaint.

69. Defendants deny the allegations set forth in paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations set forth in paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations set forth in paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations set forth in paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegations set forth in paragraph 73 of Plaintiff's Complaint.

74. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 73 above.

75. Defendants admit only that Sheriff Richard Roundtree is the elected Sheriff of Richmond County and head of the Richmond County Sheriff's Office; otherwise, Defendants deny the allegations set forth in paragraph 75 of Plaintiff's Complaint.

76. The substance of this paragraph is prefatory such that a response is not required. To the extent that a response is required, Defendants admit only that any substance set forth on the Richmond County Sheriff's Office website speaks for itself.

77. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 77 of Plaintiff's Complaint.

78. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 78 of Plaintiff's Complaint

79. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 79 of Plaintiff's Complaint.

80. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 80 of Plaintiff's Complaint.

81. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 81 of Plaintiff's Complaint.

82. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 82 of Plaintiff's Complaint.

83. Defendants deny the allegations set forth in paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegations set forth in paragraph 84 of Plaintiff's Complaint.

85. Defendants deny the allegations set forth in paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegations set forth in paragraph 83 of Plaintiff's Complaint.

87. Defendants deny the allegations set forth in paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations set forth in paragraph 88 of Plaintiff's Complaint.

89. Defendants deny the allegations set forth in paragraph 89 of Plaintiff's Complaint.

90. Defendants deny the allegations set forth in paragraph 90 of Plaintiff's Complaint.

91. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 90 above.

92. Defendant deny the allegations set forth in paragraph 92 of Plaintiff's Complaint.

93. Defendant deny the allegations set forth in paragraph 93 of Plaintiff's Complaint.

94. Defendant are without sufficient information to admit or deny the allegations set forth in paragraph 94 of Plaintiff's Complaint.

95. Defendant deny the allegations set forth in paragraph 95 of Plaintiff's Complaint.

96. Defendant deny the allegations set forth in paragraph 96 of Plaintiff's Complaint.

97. Defendants admit only that the Fourth and Fourteenth Amendments speak for themselves and prohibit unreasonable search and seizure; otherwise, Defendants deny the allegations set forth in paragraph 97 of Plaintiff's Complaint.

98. Defendants admit only that the Fifth and Fourteenth Amendments speak for themselves and provide that no person shall be deprived of life, liberty, or property without due process; otherwise, Defendants deny the allegations set forth in paragraph 98 of Plaintiff's Complaint.

99. Defendants admit only that the Eighth and Fourteenth Amendments speak for themselves and prohibit the federal government from imposing cruel and unusual punishment; otherwise, Defendants deny the allegations set forth in paragraph 99 of Plaintiff's Complaint.

100. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 100 of Plaintiff's Complaint.

101. Defendants deny the allegations set forth in paragraph 101 of Plaintiff's Complaint.

102. The substance of this paragraph is prefatory such that a response is not required. To the extent that a response is required, Defendants admit only that 42 U.S.C. 1983 speaks for itself.

103. Defendants deny the allegations set forth in paragraph 103 of Plaintiff's Complaint.

104. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 103 above.

105. Defendants admit only that Sheriff Richard Roundtree is the elected Sheriff of Richmond County and head of the Richmond County Sheriff's Office; otherwise, Defendants deny the allegations set forth in paragraph 75 of Plaintiff's Complaint

106. Defendants deny the allegations set forth in paragraph 106 of Plaintiff's Complaint.

107. Defendants deny the allegations set forth in paragraph 107 of Plaintiff's Complaint.

108. Defendants deny the allegations set forth in paragraph 108 of Plaintiff's Complaint.

109. Defendants deny the allegations set forth in paragraph 109 of Plaintiff's Complaint.

110. Defendants deny the allegations set forth in paragraph 110 of Plaintiff's Complaint.

111. Defendants deny the allegations set forth in paragraph 111 of Plaintiff's Complaint.

112. Defendants deny the allegations set forth in paragraph 112 of Plaintiff's Complaint.

113. Defendants deny the allegations set forth in paragraph 113 of Plaintiff's Complaint.

114. Defendants admit only that the Fourth and Fourteenth Amendments speak for themselves and prohibit unreasonable search and seizure; otherwise, Defendants deny the allegations set forth in paragraph 114 of Plaintiff's Complaint.

115. Defendants admit only that the Fifth and Fourteenth Amendments speak for themselves and provide that no person shall be deprived of life, liberty, or property without due process; otherwise, Defendants deny the allegations set forth in paragraph 115 of Plaintiff's Complaint.

116. Defendants admit only that the Eighth Amendment speaks for itself and prohibits the federal government from imposing cruel and unusual punishment; otherwise, Defendants deny the allegations set forth in paragraph 116 of Plaintiff's Complaint.

117. The substance of this paragraph is prefatory such that a response is not required. To the extent that a response is required, Defendants admit only that 42 U.S.C. 1983 speaks for itself.

118. Defendants deny the allegations set forth in paragraph 118 of Plaintiff's Complaint.

119. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 118 above.

120. Defendants deny the allegations set forth in paragraph 120 of Plaintiff's Complaint.

121. Defendants deny the allegations set forth in paragraph 121 of Plaintiff's Complaint.

122. The substance of this paragraph is prefatory such that a response is not required. To the extent that a response is required, Defendants admit only that 42 U.S.C. 1983 speaks for itself.

123. Defendants deny the allegations set forth in paragraph 123 of Plaintiff's Complaint.

124. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 123 above.

125. The substance of this paragraph is prefatory such that a response is not required. To the extent that a response is required, Defendants admits only that 42 U.S.C. § 1988 speaks for itself.

126. Defendants deny the allegations set forth in paragraph 126 of Plaintiff's Complaint.

127. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 126 above.

128. Defendants deny the allegations set forth in paragraph 128 of Plaintiff's Complaint.

129. Defendants deny the allegations set forth in paragraph 129 of Plaintiff's Complaint.

130. Defendants deny the allegations set forth in paragraph 130 of Plaintiff's Complaint.

131. Defendants deny the allegations set forth in paragraph 131 of Plaintiff's Complaint.

132. Defendants deny the allegations set forth in paragraph 132 of Plaintiff's Complaint.

133. Defendants deny the allegations set forth in paragraph 133 of Plaintiff's Complaint.

134. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 133 above.

135. Defendants deny the allegations set forth in paragraph 135 of Plaintiff's Complaint.

136. Defendants deny the allegations set forth in paragraph 136 of Plaintiff's Complaint.

137. Defendants deny the allegations set forth in paragraph 137 of Plaintiff's Complaint.

138. Defendants deny the allegations set forth in paragraph 138 of Plaintiff's Complaint.

139. Defendants deny the allegations set forth in paragraph 139 of Plaintiff's Complaint.

140. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 139 above.

141. Defendants deny the allegations set forth in paragraph 141 of Plaintiff's Complaint.

142. Defendants deny the allegations set forth in paragraph 142 of Plaintiff's Complaint.

143. Defendants deny the allegations set forth in paragraph 143 of Plaintiff's Complaint.

144. Defendants deny the allegations set forth in paragraph 144 of Plaintiff's Complaint.

145. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 144 above.

146. Defendants deny the allegations set forth in paragraph 146 of Plaintiff's Complaint.

147. Defendants deny the allegations set forth in paragraph 147 of Plaintiff's Complaint.

### Fourteenth Defense

Defendants deny each and every requested prayer for relief set forth in Plaintiff's Complaint.

### Fifteenth Defense

To the extent that an answer to any allegation was omitted, Defendants hereby deny all such allegations.

**Wherefore**, Defendants pray that this Court:
  a. Dismiss Plaintiff's Complaint with prejudice;
  b. Grant judgment to Defendants;
  c. Assess all costs against Plaintiff; and
  d. Award such other and further relief as just and proper.

Respectfully submitted this 11th day of October 2021.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No.: 272729
**Tameka Haynes**
Georgia Bar No.: 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Rd. Suite A-1
Augusta, Georgia 30907
Telephone: 706.855.6715
Facsimile: 706.855.7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| VALENCIA COLON,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD ROUNDTREE, HARDIE DAVIS, WILLIAM FENNOY, DENNIS WILLIAMS, MARY DAVIS, SAMMIE SIAS, BOBBY WILLIAMS, BEN HASSAN, SEAN FRANTOM, BRANDON GARRETT, MARION WILLIAMS, JOHN CLARKE, ODIE DONALD II, MAURICE MCDOWELL, CHARLIE T. WALKER, JOHN DOES 1-5 AND ABC CORP 1-5,<br><br>    Defendants. | CIVIL ACTION NO.: CV 121-149 |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served a copy of the foregoing **Answer** in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system, via email, or via the United States Mail with adequate postage attached thereon to:

J. Wickliffe Cauthorn
The Cauthorn Firm
201 Cherokee Street
Marietta, Georgia 30060
wick@thecauthornfirm.com

This 11th day of October 2021.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No.: 272729
**Tameka Haynes**
Georgia Bar No.: 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Rd. Suite A-1
Augusta, Georgia 30907
Telephone: 706.855.6715
Facsimile: 706.855.7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com