IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| VALENCIA COLON,<br><br>    Plaintiff,<br><br>vs.<br><br>RICHARD ROUNDTREE, HARDIE DAVIS, WILLIAM FENNOY, DENNIS WILLIAMS, MARY DAVIS, SAMMIE SIAS, BOBBY WILLIAMS, BEN HASAN, SEAN FRANTOM, BRANDON GARRETT, MARION WILLIAMS, JOHN CLARKE, ODIE DONALD II, MAURICE MCDOWELL, CHARLIE T. WALKER, JOHN DOES 1-5, and ABC CORP 1-5,<br><br>    Defendants. | CASE NO.: 1:21-cv-149 |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants and file this Brief in Support of Defendant's Motion for Summary Judgment, showing the Court the following:

### I.    PLAINTIFF'S ALLEGATIONS

Plaintiff filed this Complaint alleging negligence, emotional distress, violations of § 1983, and sexual battery against Sheriff Richard Roundtree, Mayor Hardie Davis, Augusta, Georgia Commissioners, and several employees of Augusta, Georgia and the Richmond County Sheriff's Office. (Doc. 1). Plaintiff alleges that Deputy Charlie Walker raped her following an event at the Julian Smith Casino. *Id*. at ¶ 32. Plaintiff alleges that the Mayor, Commission, and Administrator of Augusta, Georgia breached a ministerial duty because the event at Julian Smith was not properly approved. *Id*. at ¶¶ 63-73. Plaintiff also alleges that the Sheriff breached a ministerial duty by allowing Deputy

1

Walker to work at the event while off-duty. *Id*. at ¶ 83.  Additionally, Plaintiff alleges that Augusta, Georgia had an "off the books" policy of allowing unapproved events at Julian Smith Casino. *Id*. at ¶¶ 92-96.

## II.   STANDARD

Summary Judgment is appropriate where the moving party shows that there is no genuine issue as to any material fact. Fed. R. Civ. Pro. 56(a).  A party asserting that a fact cannot be genuinely disputed must support the assertion by citing to depositions, documents, affidavits, or other materials or by showing that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. Pro. 56(c)(1).

## III.   ARGUMENT

### A. Plaintiff's Claims Against John Does 1-5 And ABC Corp. 1-5 Constitute Improper Fictious Party Pleading.

Fictitious-party pleading is not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).  There is an exception where the plaintiff's description of the defendant is so specific and detailed to permit service of process. *DiPietro v. Medical Staff at Fulton County Jail*, 805 Fed.Appx. 793, 795 (11th Cir. 2020); *Richardson* at 738 (citing *Dean v. Barber*, 951 F.2d 1210, 1215-1216 (11th Cir. 1992)).  Plaintiff alleges that John Doe 1-5 and ABC Corp 1-5 are unknown individuals and entities who may be liable to Plaintiff. Complaint ¶¶ 7-8.  She further alleges that these Defendants are policy making officials who adopted an "off the books" policy such that they are liable under § 1983. *Id*. ¶ 101-103.  Discovery is closed and Plaintiff has not identified these unknown individuals or entities in a specific way that would permit service of process.  Thus, any claims against John Doe 1-5 and ABC Corp 1-5 are improper fictitious party pleadings subject to dismissal.

2

**B. Plaintiff Fails To State A Federal Claim Against Augusta, Georgia And Any Of Its Employees Or Officials.**

Suits against county officials in their official capacity are actually suits against the county itself. *Bd. of Comm'rs v. Johnson*, 311 Ga. App. 867, 868 (2011) (citing *Gilbert v. Richardson*, 264 Ga. 744, 746, n. 4 (1994)). Plaintiff has named several Augusta, Georgia officials and employees as Defendants but has not made any individual allegations against them in her Complaint. Thus, it is assumed that Plaintiff only intends to make official capacity claims, which will be analyzed as claims against Augusta, Georgia. In Count III of her Complaint, Plaintiff has made § 1983 claims against Augusta, Georgia. Complaint ¶ 103. Plaintiff claims that due to an "off the books" policy of unapproved events being held at Julian Smith Casino, Augusta, Georgia is liable for her alleged rape by Deputy Walker. Complaint. ¶¶ 92-103.

A county may be liable under § 1983 only for acts which the county is actually responsible. *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1027 (11th Cir. 2001). A county is not liable for an injury inflicted solely by its employees or agents. *Id.* A county's official policy must cause the constitutional violation. *Id.* A plaintiff must identify an officially promulgated policy or an unofficial custom shown through repeated acts of a final policymaker for the county. *Id.* A plaintiff must allege that a county employee or policy maker committed the constitutional violation pursuant to a county policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The policy must be so permanent and well settled as to constitute a custom and usage with the force of law. *Cuesta v. Sch. Bd.,* 285 F.3d 962, 966 (11th Cir. 2002).

Plaintiff specifically alleges that the event at Julian Smith Casino was not approved by Augusta, the event hosts did not receive approval to serve alcohol, and security was provided by an off-duty deputy without pre-clearance to work specials. Complaint ¶ 95. First, no alleged policy identified by Plaintiff caused Plaintiff's alleged rape. It is not sufficient for a county policy to be tangentially related to a constitutional deprivation. *Cuesta* at 967. The custom or policy must be the moving force of the constitutional violation. *Id.* Even if Plaintiff's allegations were true, they would not be the moving force behind Plaintiff's alleged rape. Only a policy condoning rape could be viewed as the moving force or cause of Plaintiff's alleged rape. *Davis v. Fulton County*, No. 1:08-CV-3241-CAM-ECS, 2010 U.S. Dist. LEXIS 149409, *46-7 (N.D. Ga. Mar. 2, 2010), adopted by *Davis v. Fulton County*, No. 1:08-CV-3241-CAM-ECS, 2010 U.S. Dist. LEXIS 149430 (N.D. Ga. March 24, 2010); *See also Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001). Plaintiff has not provided evidence that Augusta, Georgia had any such policy.

Second, one incident does not amount to a custom, and Plaintiff has not provided evidence or even identified any events that were held "off the books." See Doc. 1. ¶¶ 91-103. A single decision can establish county liability only when made by a policymaker involving a deliberate choice to follow a course of action among various alternatives. *Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1997) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469). This is not what Plaintiff has alleged as she claims that Augusta has a policy of having various events off the books. Thus, Plaintiff fails to identify any decisions by Augusta, Georgia policymakers that could establish a custom to support § 1983 liability.

4

Third, Plaintiff's allegations are simply false. Plaintiff alleges that Augusta's Recreation and Parks Department did not permit the event, but the event was actually approved when Augusta entered into a contract with the 25 Gents. Exhibit A; Kuhlke Dep. 21:2-5. Plaintiff alleges that the event was not approved to serve alcohol. However, Ms. Kuhlke was aware that alcohol would be present at the event, and a one-day alcohol license is not required when the event is bring your own bottle (BYOB). Kuhlke Dep. 14:2-12; Exhibit A. Deputy Walker was also approved to work the event as a special duty assignment because he is a certified duty. Rollins Dep. 68:3-25. He was also required to be off duty since the event was considered a special duty assignment. Lee Dep. 21:24-22:2.

Fourth, to the extent that Plaintiff is attempting to base Augusta's liability on Sheriff Roundtree's or Deputy Walker's alleged actions, they are not employed by Augusta, Georgia. *Grech* at 1343. In Georgia, sheriff's offices are separate and independent from the county. Georgia Const. Art. IX, Sec. I, Para. III; Art. IX, Sec. II, Para. 1(c)(1); *Grech* at 1333. With regard to law enforcement functions, sheriffs act under state authority. Grech at 1333. Because only certified deputies work specials since they may have to arrest someone, deputies are acting pursuant to their law enforcement function while working specials. Rollins Dep. 68:7-16, 82:16-25. Local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control. *Turquitt v. Jefferson County*, 137 F.3d 1285, 1292 (11th Cir. 1998). As Sheriff Roundtree and Deputy Walker were acting pursuant to state authority during Plaintiff's allegations, they were not under the control of Augusta, Georgia. Thus, Augusta cannot be liable for any alleged actions of Sheriff Roundtree or Deputy Walker. Plaintiff fails to allege any Augusta, Georgia policy or custom that caused her alleged rape for which Augusta could be liable under § 1983. Plaintiff fails to establish any § 1983

5

claims against Defendants Hardie Davis, William Fennoy, Dennis Williams, Mary Davis, Sammie Sias, Bobby Williams, Ben Hasan, Sean Frantom, Brandon Garrett, Marion Williams, John Clark, Odie Donald II, Maurice McDowell or Augusta, Georgia.

**C. Plaintiff Fails To Establish A § 1983 Claim Against Sheriff Roundtree.**

In Count IV of her Complaint, Plaintiff alleges claims against Sheriff Richard Roundtree pursuant to § 1983. A government official cannot be liable under a theory of respondeat superior. *Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Supervisory liability under § 1983 occurs only when the supervisor personally participates in an unconstitutional act or where there is a causal connection between the supervisor's actions and the alleged violation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection can be established by showing a history of widespread abuse that the supervisor failed to correct or by showing a policy that results in deliberate indifference to constitutional rights. *Id.* The policy must be persistent, widespread, and the moving force that caused the constitutional violation. *Cuesta* at 967. The standard by which a supervisor is held individually liable for an employee's conduct is extremely rigorous. *Cottone* at 1360.

Plaintiff has not alleged that Sheriff Roundtree was involved in her alleged rape, so she must show a causal connection. Plaintiff attempts to make that connection with several arguments. First, Plaintiff claims that Sheriff Roundtree failed to correct abuses by Deputy Walker because Deputy Walker had prior violations for the use of force. Complaint ¶ 109B. However, Plaintiff can provide no evidence of those claims. Deputy Walker's prior policy violations related to body worn camera violations, and he was properly disciplined for those incidents. Exhibit C. Plaintiff simply cannot establish any

connection between Deputy Walker's prior failures to activate a body camera and an alleged rape.

Second, Plaintiff claims that the Sheriff allows events on county property without approval and permitting. Complaint ¶ 107.  Plaintiff has provided no evidence of this claim.  As previously argued the subject event was properly approved.  Further, Plaintiff fails to explain how the Sheriff has any authority or control over what events take place on Augusta, Georgia's property.  Ms. Kuhlke, an Augusta, Georgia, employee testified that she oversees rentals of county property for Augusta's Recreation and Parks Department. Kuhlke Dep. 7:5-16.

Third, Plaintiff claims that the Sheriff promotes deputies while on suspension which fosters a culture of sexual violence. Complaint ¶ 108.  With regard to Deputy Walker, he has been a deputy since 2013 without any promotion. Exhibit B.  Deputy Walker has simply received raises based on years of service, but his rank as a deputy has remained unchanged. Exhibit B; Rollins Dep. 70:15-71:1.  Plaintiff can provide no evidence that Deputy Walker was ever promoted to a corporal. Exhibit D.  In fact, Plaintiff can provide no evidence that any RCSO employees have been promoted while serving suspension.  The RCSO has a policy specifically stating that employees on disciplinary probation are not eligible for promotion. Exhibit D.  Captain Rollins also testified that deputies on probation do not get promoted.  Rollins Dep. 71:8-10.

Fourth, Plaintiff claims that the Sheriff under punishes employees for use of force violations to avoid POST scrutiny. Complaint ¶ 106.  Again, Plaintiff can provide no evidence.  For example, Plaintiff has not provided evidence that any deputies' punishments are not in line with the RCSO disciplinary matrix. *See* Exhibit E.  Plaintiff has provided no documentation of how other agencies discipline their officers or that the

7

RCSO's disciplinary procedures are not on par with those other agencies. Plaintiff has not even provided documentation of any use of force violations and punishments by RCSO deputies.

Fifth, Plaintiff mentions that former deputy Kendrick Quick was also accused of rape. Complaint ¶ 109A. However, a victim first contacted the RCSO on January 21, 2020 regarding an alleged assault by Mr. Quick, and Mr. Quick was immediately terminated. Exhibits F, G. Thus, that alleged assault by Mr. Quick, which took place after Plaintiff's allegations, provides no evidence of a culture of sexual violence at the RCSO.

Furthermore, even if any of Plaintiff's allegations were true, they would not amount to deliberate indifference, which requires proof that a known or obvious consequence was disregarded. *Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). None of Plaintiff's alleged policies relate to sexual violence or criminal activity and could not have put the Sheriff on notice that a deputy would allegedly rape someone while off duty. Thus, Plaintiff has not presented any evidence of any policies at the RCSO that resulted in deliberate indifference to Plaintiff's rights or any connection between Sheriff's Roundtree's action and Plaintiff's alleged rape. Thus, Plaintiff fails to establish a § 1983 claim against Sheriff Richard Roundtree.

### D. Plaintiff Fails To Establish An Official Capacity Claim Against Deputy Charlie Walker.

Suits against officers in their official capacity are actually claims against the government entity that employs the officers. *Kentucky v. Graham*, 473 U.S. 159, 165-6 (1985). Thus, any official capacity claims Plaintiff has made against Deputy Walker are duplicative of claims against Sheriff Roundtree. *See Harris v. Autry*, 2022 U.S. App. LEXIS 3594, *15 (11th Cir. Feb. 9, 2022). Because Sheriff Roundtree is a defendant in this

matter and Plaintiff fails to establish a claim against him as argued above, any official capacity claims against Deputy Walker are also subject to summary judgment.

E. **Plaintiff Fails To Establish A Violation Of The Eighth Amendment.**

The Eighth amendment provides that excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Eighth amendment only applies to convicted prisoners. *Wimbush v. Conway*, 768 Fed. Appx. 958, 968 (11th Cir. 2019) (quoting *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). Plaintiff had not alleged that she was a convicted inmate at the time of her allegations. Thus, Plaintiff fails to establish an § 1983 claim based upon the eighth amendment against any Defendant.

F. **Plaintiff Fails To Establish a State Law Claim Against Any Employees Or Officials Of Augusta, Georgia.**

Public officers are immune from liability for discretionary acts but not ministerial acts. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). A discretionary act is one where the employee exercises deliberation and judgment by examining facts and acting in a way not specifically directed. *Stone v. Taylor*, 233 Ga.App. 886, 888 (1998). A ministerial duty is a simple act that requires the mere execution of a specific duty. *Id.* Procedures or instructions adequate to cause an act to become merely ministerial must be so clear, definite, and certain as merely to require the execution of a relatively simple, specific duty. *Jobling v. Shelton*, 334 Ga.App. 483, 487 (2015). A ministerial duty may be established by a written policy, an unwritten policy, a supervisor's directive, or a statute. *Id.*

In Count I, Plaintiff claims that the Mayor, Commission, and Administrator are liable and/or vicariously liable for breach of a ministerial duty in allowing an alleged unapproved event with an off-duty deputy to occur at Julian Smith Casino. Complaint ¶

9

63-73. With regard to their own alleged liability, Plaintiff fails to identify any breach of a ministerial duty by the Mayor, Commissioners, or Administrator. Plaintiff seemingly points to Augusta Code § 6-2-5(b), which provides that "prior written approval must be obtained from the Sheriff of Richmond County, Georgia, and the Director of the Recreation Department when alcoholic beverages are served or consumed at Julian Smith Casino." This is clearly a statute directed toward citizens desiring to rent Julian Smith Casino for an event. Nothing in this code section requires the Mayor, Commission, or Administrator to undertake any specific actions. Plaintiff has presented no evidence that the Mayor, Commissioners, or Administrator are even involved in approving events at Julian Smith Casino. Ms. Kuhlke testified that she handles the approval of events at Julian Smith Casino. Kuhlke Dep. 7:5-8:6.

With regard to vicarious liability, Plaintiff fails to identify any specific Augusta, Georgia employees whose negligence the liability of the Mayor, Commission and/or Administrator would be based upon. Plaintiff simply refers to employees generally throughout her complaint. Outside of former Administrator Odie Donald II, the only other Augusta employee named as a Defendant is Maurice McDowell, Director of Augusta's Parks and Recreation Department, and Plaintiffs fails to make any specific allegation against Mr. McDowell in her Complaint. To the extent that Plaintiff is alleging that Mr. McDowell or any other employee breached a duty by failing to approve the event, the event was properly approved by Augusta, Georgia. Exhibit A.

Furthermore, as Plaintiff admits, a deputy was actually present and working security at the event. Complaint ¶ 13. By alleging that the deputy was required to be on-duty with regard to his employment at the Sheriff's Office, Plaintiff misunderstands Augusta's policy. The policy simply requires that a deputy must be "on duty during the

10

event hours," which means that the deputy would be providing security at the event. Exhibit H.  A deputy cannot be on-duty with the Sheriff's Office working patrol and providing security at an event simultaneously.  Deputies who work at Julian Smith Casino are off duty with the Sheriff's Office, and they are working special duty and getting paid by the event renters. Johnson Dep. 15:21-23. 29:22-25; Lee Dep.21:24-22:2.

Plaintiff fails to identify any specific act that an employee or official of Augusta, Georgia was required to undertake.  As a result, Plaintiff fails to establish that any employee or official of Augusta was negligent or breached any ministerial duty.  Thus, all Augusta, Georgia officials and employees are entitled to qualified immunity and Plaintiff fails to allege any state law claim against them.  This Court should grant summary judgment to Defendants on Plaintiff's state law claims against Hardie Davis, William Fennoy, Dennis Williams, Mary Davis, Sammie Sias, Bobby Williams, Ben Hasan, Sean Frantom, Brandon Garrett, Marion Williams, John Clarke, Odie Donald II, and Maurice McDowell.

### G. Plaintiff Fails To Establish Any State Law Claim Against Sheriff Roundtree.

In Count II of his complaint, Plaintiff alleges that the Sheriff and/or his employees breached their ministerial duty by allowing Deputy Walker to work the event at Julian Smith Casino while off duty.  As argued above, deputies who work events at Julian Smith casino are required to be off duty.  Further, Plaintiff can provide no evidence that Deputy Walker was not approved to work the event.  As Deputy Walker testified, when the deputy assigned to Julian Smith is not available, another deputy can take the assignment without any additional approval from the Sheriff's Office. Walker Dep. 45:21-46:2.  As Captain Rollins testified, all certified deputies are authorized to work special duty assignments.

11

Rollins Dep. 68:17-25. Thus, Plaintiff fails to identify a ministerial duty that the Sheriff breached.

Additionally, Plaintiff fails to show that Sheriff Roundtree could be vicariously liable for Plaintiff's alleged rape. For an employer to be liable under respondeat superior, the employee must be in furtherance of the employer's business and the employee must be acting within the scope of the employer's business. *Piedmont Hosp., Inc. v. Palladino*, 276 Ga. 612, 613 (2003). Under Georgia law, an employer cannot be liable for tortious acts committed by an employee for purely personal reasons which are not committed in furtherance of the employer's business. *Id*. Thus, an employer cannot be liable for an employee's sexual misconduct. *Id*; *Alpharetta First United Methodist Church v. Stewart*, 221 Ga.App. 748, 752 (1996).

In *Piedmont*, Mr. Palladino was in the hospital for surgery that required a sheath be inserted in an artery in his groin. *Piedmont* at 613. A hospital employee provided post-surgical treatment to Palladino which included cleaning and checking his groin area. *Id*. Palladino alleged that he awoke to find the employee rubbing his penis with his mouth positioned near his penis. *Id*. In his suit for assault and battery, Palladino alleged that the hospital was liable under respondeat superior. *Id*. The court stated that the employee's actions were done for purely personal reasons for the employee's gratification and disconnected with his employment. *Id*. at 614. During the alleged assault, the employee was no longer acting within the scope of his employment. *Id*. Thus, the court held that the hospital could not be vicariously liable such that summary judgment to the hospital was appropriate. *Id*.

The present case is no different from *Piedmont*. Even if Plaintiff's allegations of rape were true, Sheriff Roundtree cannot be vicariously liable. Deputy Walker would have

12

been acting for purely personal reasons unconnected to his employment with the Sheriff's Office. Furthermore, unlike in *Piedmont*, Deputy Walker was not even on duty during the time of Plaintiff's allegations. Because Plaintiff fails to show that Deputy Walker was acting within the scope of his employment, Plaintiff fails to explain how the Sheriff could be liable for an alleged rape. Therefore, Plaintiff fails to establish a state law claim against Sheriff Roundtree.

## IV.   CONCLUSION

Based upon the foregoing, Plaintiffs fails to establish any claims against Richard Roundtree, Hardie Davis, William Fennoy, Dennis Williams, Mary Davis, Sammie Sias, Bobby Williams, Ben Hasan, Sean Frantom, Brandon Garrett, Marion Williams, John Clarke, Odie Donald II, Maurice McDowell, John Does 1-5, ABC Corp. 1-5, or Augusta, Georgia. Plaintiff also fails to establish any claims against Deputy Charlie Walker in his official capacity. Summary judgment should be awarded on all such claims, and only claims against Charlie Walker in his individual capacity should remain.

This 17th day of June, 2022.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| VALENCIA COLON,<br><br>   Plaintiff,<br><br>vs.<br><br>RICHARD ROUNDTREE, HARDIE DAVIS, WILLIAM FENNOY, DENNIS WILLIAMS, MARY DAVIS, SAMMIE SIAS, BOBBY WILLIAMS, BEN HASAN, SEAN FRANTOM, BRANDON GARRETT, MARION WILLIAMS, JOHN CLARKE, ODIE DONALD II, MAURICE MCDOWELL, CHARLIE T. WALKER, JOHN DOES 1-5, and ABC CORP 1-5,<br><br>   Defendants. | CASE NO.: 1:21-cv-149 |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing **Motion for Summary Judgment, Material Facts, and Brief** in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system, via email, or via the United States Mail with adequate postage attached thereon to:

J. Wickliffe Cauthorn
The Cauthorn Firm
201 Cherokee Street
Marietta, Georgia 30060
wick@thecauthornfirm.com

This 17th day of June, 2022.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com